# UNITED STATES DISTRICT COURT

**Eastern District of Wisconsin**

TRAVIS D. SWENBY, Plaintiff, Pro Se
vs.
SHAWANO COUNTY, Defendant.

Civil Action No.: _____



U.S. District Court
Wisconsin Eastern

MAY 18 2026

FILED
Clerk of Court

# COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF UNDER 42 U.S.C. § 1983

## I. Jurisdiction and Venue

This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Shawano County, Wisconsin.

## II. Parties

Plaintiff Travis D. Swenby is a resident of Wisconsin proceeding pro se.

Defendant Shawano County is a municipal entity responsible for policies, customs, training, and supervision of the Shawano County Sheriff's Office and deputies acting under color of state law.

## III. Statement of Facts

On October 5, 2023, Shawano County deputies executed a writ of restitution issued by the Shawano County Circuit Court (Case No. 2023SC000714).

During execution of the writ, deputies entered the premises and removed occupants and property pursuant to Wis. Stat. § 799.45.

Plaintiff was not a named party to the eviction action and did not receive notice, service, or an opportunity to be heard regarding deprivation of his personal property interests.

Plaintiff maintained personal belongings at the premises independent of the tenant's leasehold interest.

During execution of the writ, Plaintiff's property was removed, handled, discarded, or destroyed by deputies and/or persons acting under color of state law.

Plaintiff later discovered his property missing or destroyed and has no adequate practical remedy to recover the full value of his losses.

The removal of property occurred in the context of a standardized eviction enforcement process routinely carried out by the Shawano County Sheriff's Office.

# IV. CLAIMS FOR RELIEF

# COUNT I – Fourth Amendment Unreasonable Seizure (42 U.S.C. § 1983)

The removal and disposal of Plaintiff's personal property constituted a seizure under the Fourth Amendment.

Plaintiff's property was taken during state action without any individualized determination that the property was subject to lawful seizure as against Plaintiff.

The execution of the writ resulted in a meaningful interference with Plaintiff's possessory interests without adequate constitutional safeguards distinguishing ownership or protecting third-party property.

The seizure was therefore unreasonable under the Fourth Amendment.

# COUNT II – Fourteenth Amendment Due Process (42 U.S.C. § 1983)

Plaintiff had a protected property interest in his personal belongings.

Defendants deprived Plaintiff of that property without pre-deprivation notice or hearing and without providing an adequate post-deprivation remedy.

Although Wisconsin provides post-deprivation remedies, those remedies are inadequate as applied here because the deprivation occurred in a structured enforcement context where Plaintiff had no meaningful opportunity to prevent or recover the loss.

The deprivation resulted from systemic procedures governing eviction execution rather than random unauthorized conduct, making pre-deprivation safeguards constitutionally required.

## COUNT III – MUNICIPAL LIABILITY (MONELL) – SHAWANO COUNTY

Shawano County is liable under Monell because Plaintiff's injuries were caused by County policy, custom, or deliberate indifference in training and supervision.

Shawano County maintains standardized procedures for execution of writs of restitution that govern deputy conduct during eviction enforcement, including directives that allow broad discretion in handling, removal, or disposal of personal property based on lease terms without requiring verification of ownership or separation of third-party property interests.

These procedures operate in a recurring and predictable enforcement context in which deputies routinely encounter property belonging to individuals who are not parties to the underlying eviction action.

Despite this foreseeable risk, Shawano County failed to implement adequate training, supervision, or safeguards addressing the constitutional obligations owed to non-tenant property owners during eviction execution.

This failure constitutes deliberate indifference because the need for training and safeguards is obvious given the frequency of eviction enforcement and the predictable presence of third-party property interests.

In Plaintiff's case, the October 5, 2023 execution of the writ of restitution was carried out under these County procedures and within this established enforcement framework, resulting in the removal and disposal of Plaintiff's property without any mechanism to identify or protect his ownership interest.

Accordingly, Shawano County's policies, customs, or failure to train were the moving force behind the constitutional violations.

# V. Independence from State Court Judgment

Plaintiff does not challenge the validity of the underlying eviction judgment.

This action challenges only the manner of enforcement and resulting constitutional violations.

# VI. Injury

Plaintiff suffered loss of property, financial harm, and emotional distress.

# VII. Relief Requested

Plaintiff requests:

A. Declaratory judgment that Defendants violated the Fourth and Fourteenth Amendments;
B. Compensatory damages to be determined at trial;
C. Punitive damages where allowed by law;
D. Costs and fees under 42 U.S.C. § 1988;
E. Any further relief the Court deems just and proper.

# VIII. Jury Demand

Plaintiff demands a jury trial on all issues so triable.

# Respectfully submitted

/s/ Travis D. Swenby  05/11/2026
Travis D. Swenby, Pro Se