# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS D. SWENBY,
                    **Plaintiff,**

           v.                                    **Case No. 26-CV-873**

SHAWANO COUNTY,
                    **Defendant.**

## DECISION AND ORDER

Currently pending before the court is Travis D. Swenby's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Swenby's request, the court concludes that Swenby lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Swenby's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**. However, because the court is granting Swenby's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

### I.     Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant,

lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii)

2

the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

## II.  Background

Swenby brings this action against Shawano County pursuant to 42 U.S.C. § 1983. Swenby alleges that on October 5, 2023, Shawano County executed an eviction action, whereupon Shawano County deputies entered the premises and removed the occupants and all property pursuant to Wis. Stat. § 799.45. Although Swenby was not a named party in the eviction action, he "maintained personal belongings at the premises independent of the tenant's leasehold interest." (ECF No. 1 at 2.) When the tenant was evicted, the deputies likewise removed and discarded Swenby's property as well. (ECF No. 1 at 2.) Separate from this action, Swenby concurrently filed a lawsuit alleging almost identical facts but on a different date with additional defendants. *See Swenby v. Shawano County et al,* No. 26-CV-874-BBC (E.D. Wis. May 18, 2026).

## III.  Analysis

Swenby alleges that Shawano County violated his Fourth Amendment right against unreasonable seizure and his Fourteenth Amendment right to due process. When bringing claims under 42 U.S.C. §1983, as Swenby does here, the plaintiff must establish that the defendant deprived him of a constitutional right while acting under color of state law. *See First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). "Municipalities are not

vicariously liable for the torts of their employees or agents, but a plaintiff can establish municipal liability under § 1983 when the 'execution of a government's policy or custom' caused a violation of the plaintiff's rights." *Milbeck v. George*, 171 F.4th 930, 937-38 (7th Cir. 2026) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Thus, to plausibly state a claim against his only named defendant, Swenby needs to demonstrate that he suffered a deprivation of his constitutional rights based on some official Shawano County policy, widespread custom, or deliberate act of a Shawano County decision-maker. *See Wagner v. Wash. Cty.*, 493 F.3d 833, 836 (7th Cir. 2007) (citing *Monell,* 436 U.S. at 694).

Swenby states that the County is liable because of their own "policy, custom, or deliberate indifference in training and supervision." (ECF No. 1 at 3.) But he alleges no specific facts to support this assertion beyond restating that conclusory allegation several different ways. Even at this preliminary stage, Swenby's "naked assertions devoid of further factual enhancement" *Iqbal*, 556 U.S. at 678, do not sufficiently state a claim to hold the County liable. Additionally detrimental, Swenby does not plead any factual content from which the court could plausibly infer that the County's alleged conduct is a widespread, municipal custom rather than an isolated event. *See Gill v. City of Milwaukee,* 850 F.3d 335, 344 (7th Cir. 2017) ("The specific actions of the detectives in [plaintiff's] case alone, without more, cannot sustain a *Monell* claim based on the theory of a de facto policy."); *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("When a plaintiff chooses to challenge a municipality's

unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice…."). Accordingly, Swenby fails to state a claim in which relief could be granted against Shawano County and his action must be dismissed. *See, e.g., Link v. City of Granite City*, No. 25-CV-1802-DWD, 2025 LX 526171, at \*7 (S.D. Ill. Dec. 18, 2025) (finding that plaintiff failed to state a plausible *Monell* claim when the allegations only addressed his own experience).

Swenby is permitted at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, he will have thirty days to file an amended complaint that cures the deficiencies identified in this decision. If an amended complaint is received by the deadline, the court will screen it as required by 28 U.S.C. § 1915(e)(2). If an amended complaint is not received, the court will enter judgment accordingly based on Swenby's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Swenby's complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.** If Swenby wishes to proceed with this lawsuit, he must file an amended complaint within thirty days of this order.

Dated at Green Bay, Wisconsin this 25th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge